NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
FRANCISCA AROCHO,                   :
                                    :
        Plaintiff,                  :
                                    :         Civil Action No. 05-5063 (JAG)
             v.                     :
                                    :                  **OPINION**
UNITED STATES OF AMERICA,           :
CITY OF NEWARK,                     :
                                    :
        Defendants.                 :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Defendant City of Newark's ("Defendant" or "the City") Motion to Dismiss Plaintiff Francisca Arocho's ("Plaintiff") Complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendant's motion is granted.

**BACKGROUND**

The City owns and is responsible for maintaining the pedestrian walkway on Walnut Street in Newark, New Jersey. (Compl. ¶¶ 1-2.) Between December 5 and December 7, 2003, over sixteen inches of snow fell in Newark. (Def.'s Statement of Facts ¶ 4.) On December 8, 2003, Plaintiff slipped and fell on snow and ice covering the Walnut Street walkway that had not been removed. (Compl. ¶¶ 3-4.)

On October 21, 2005, Plaintiff filed a Complaint against the United States of America

1

and the City (collectively, "Defendants"), alleging that Defendants' negligence caused personal injuries to Plaintiff. The City filed the instant motion to dismiss on February 7, 2006.[1] The City's motion is unopposed.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will prevail ultimately . Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). As established by this Circuit, "[t]he pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Upon Rule 12(b)(6) motions, federal courts may consider the

---

[1] Defendant United States of America has not yet answered the Complaint.

allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357.  Finally, Rule 12(b)(6) authorizes federal courts to dismiss a claim based on a "dispositive issue of law." Mruz v. Caring, Inc., 991 F.Supp. 701, 707 (D.N.J. 1998) (citing Nietzke v. Williams, 490 U.S. 319, 326-27 (1989)).

## DISCUSSION

The City argues that Plaintiff's Complaint should be dismissed because the City is entitled to common-law snow-removal immunity.  (Def.'s Br. 5.)  Defendant further contends that even if Plaintiff could prove that Defendant was negligent in its failure to remove the snow and ice that caused Plaintiff's injuries, Plaintiff cannot seek relief from the City , as Defendant is protected by common-law snow-removal immunity.  This Court agrees.

By their nature, "snow-removal activities leave behind 'dangerous conditions.'  No matter how effective an entity's snow-removal activities may be, a multitude of claims could be filed after every snowstorm."  Rochinsky v. Department of Transportation, 541 A.2d 1029, 1036 (N.J. 1988) (citation omitted).  Thus, public entities are entitled to common-law immunity from liability for snow-removal activities.  See Miehl v. Darpino, 247 A.2d 878, 881 (N.J. 1968).  This immunity was not affected by the enactment of the New Jersey Torts Claim Act, N.J. STAT. ANN. 59:1-1 et seq. (1972); see also Rochinsky, 541 A.2d at 1037.

In addition to actual snow-removal, "[s]alting and sanding fall under the umbrella of snow-removal activities."  Lathers v. Twp. of W. Windsor, 705 A.2d 1259, 1261 (N.J. App. 1998) (citation omitted).  A public entity is protected by immunity unless the dangerous

3

condition is caused by a known hazard other than solely the weather, see McGowan v. Borough of Eatontown, 376 A.2d 1327, 1330 (N.J. App. 1977), or there is a landlord-tenant relationship between the parties, see Bligen v. Jersey City Housing Authority, 619 A.2d 575, 579-81 (N.J. 1993).

Here, Plaintiff merely alleges that she slipped and fell on snow and ice. (Compl. ¶¶ 3-4.) She does not allege that the dangerous condition was caused by any hazard other than the weather. Nor does she allege that there is a landlord-tenant relationship between Defendant and herself. Therefore, the City is entitled to immunity from liability for Plaintiff's injuries resulting from The City's failure to conduct snow-removal activities, and this action must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6), is granted.

Dated: May 10, 2006

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.